IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00386-BNB-PAC

THOMAS S. MAYES,

Plaintiff,

v.

JOHN E. POTTER, U.S. POSTAL SERVICE,

Defendant.

_____

# ORDER
_____

This matter is before me on **Defendant's Motion for Summary Judgment and Brief in Support Thereof** (the "Motion"), filed March 21, 2005.  For the following reasons, the Motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of

pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits,

if any, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 447 U.S. 317, 323

(1986).  The party opposing the motion is then required to go beyond the pleadings and by

affidavits, depositions, answers to interrogatories and admissions on file, to designate specific

facts showing that there is a genuine issue for trial.  Id. at 324.

## II.  UNDISPUTED MATERIAL FACTS

The plaintiff filed his Amended Complaint (the "Complaint") on September 17, 2003.  At

all times relevant to the allegations of the Complaint, the plaintiff was an employee of the United

States Postal Service at the General Mail Facility in Denver, Colorado.  *Complaint*, first

consecutive page; *Motion*, p. 2, ¶ 1.  The plaintiff's employment with the Postal Service began in

April 1985.  Id. at p. 3, ¶ 2 and Exhibit A-1, p. 6, l. 14.

On January 3, 2002, the plaintiff met with his supervisor, Mona Tebeau.  *Motion*, p. 3, ¶

4; *Plaintiff's Response in Opposition to Defendants* [sic] *March 21, 2005 Motion for Summary

Judgment and Brief in Support Thereof* (the "Response"), p. 1, ¶ 1.  The meeting involved the

plaintiff's work performance, of which Ms. Tebeau was critical.  *Motion*, p. 3, ¶ 5; Exhibit A-1,

pp. 22-31; and Exhibit A-2.

The plaintiff voluntarily took leave from the Postal Service from January 5, 2002, through May 31, 2002.  Id. at p. 3, ¶ 8 and Exhibit A-1, pp. 10, 20, 36.

On January 16, 2002, the plaintiff contacted an EEO counselor regarding the January 3, 2002, meeting.  Id. at p. 3, ¶ 11; Exhibit A-1, p. 33 and Exhibit A-3, ¶ 3.  The plaintiff filed a complaint of employment discrimination with the Postal Service on March 22, 2002.  Id. at p. 4, ¶ 12; Exhibit A-1, p. 39 and Exhibit A-3, ¶¶ 4-9.  The only allegation of discrimination raised in the EEO complaint involved the meeting on January 3, 2002.  Id. at p. 4, ¶ 13 and Exhibit 1 to Exhibit A-3.  Specifically, the plaintiff alleged that on January 3, 2002:

> I was threatened, intimidated, belittled and treated with no dignity or respect.  I am the only black male, religiously active, disabled supervisor (acting) working for Ms. Tebeau and the only one treated in this manner.

Id. at Exhibit 1 to Exhibit A-3.

The complaint was dismissed for failure to state a claim pursuant to 29 C.F.R. §§ 1614.103 and 1614.106(a).  Id. at Exhibit A-3, ¶ 5.  The agency issued a Final Agency Decision ("FAD") dismissing the complaint on July 17, 2002.  Id. at ¶ 6 and Exhibit 3 to Exhibit A-3.

The plaintiff timely appealed the FAD to the EEOC Office of Federal Operations ("OFO").  Id. at Exhibit A-3, ¶ 8.  The OFO affirmed the decision on November 27, 2002.  Id. at Exhibit A-3, ¶ 8; Exhibit 4 to Exhibit A-3.  The OFO's decision addressed only the plaintiff's allegation of discrimination involving the meeting on January 3, 2002.  Id. at Exhibit 4 to Exhibit A-3.

The plaintiff returned to the Postal Service on May 31, 2002.  *Motion*, p. 4, ¶ 16 and Exhibit A-1, p. 10.  Upon his return, he resumed his job as a mail handler.  *Motion*, p. 4, ¶ 17 and

Exhibit A-1, p. 6, l. 12 - p. 7, l. 13; p. 10, ll. 23-24.  He was assigned to work a different shift

which began at 1:00 a.m. and ended at 9:00 a.m.  *Motion*, p. 4, ¶ 18; Exhibit A-1, pp. 13-14;

*Complaint*, third consecutive page, Third Claim for Relief, ¶ 2.

The Complaint alleges that the plaintiff was subjected to gender and disability

discrimination.  *Complaint*, second consecutive page.  See also *Response*, p. 1, ¶ 1.  The

Complaint asserts five claims.  Claim One alleges that the plaintiff suffered discrimination when

Ms. Tebeau verbally assaulted him at the meeting on January 3, 2002.  Claim Two alleges that the

defendant continued its harassment of the plaintiff "via the United States First Class mail with

threatening correspondence while plaintiff was in treatment."  Claim Three alleges that the

defendant continued its harassment of the plaintiff when it gave false statements to the United

States Department of Labor and when the plaintiff returned to work on June 3, 2002, and was

assigned to the same location and the supervisor.  Claim Four alleges that the plaintiff was forced

to resign from his job "to maintain mental stability when no action was taken and the harassment

continued."  Claim Five seeks compensatory damages for all of the defendant's "actions and non-

actions."[1]  I construe Claim Five solely as a prayer for relief and not as a separate claim.

### III.   ANALYSIS

Although the plaintiff brings this action under Title VII, section 501 of the Rehabilitation

Act provides a federal employee's exclusive remedy for employment discrimination based on a

disability.  Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996).  See also Johnson v. United

---

[1]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

4

States Postal Serv., 861 F.2d 1475, 1477 (10th Cir.1988); Coleman v. Darden, 595 F.2d 533, 538

(10th Cir.1979).  The Rehabilitation Act extends the "remedies, procedures and rights" available

under Title VII, 42 U.S.C. § 2000e-16, to federal employees with disability discrimination claims.

29 U.S.C. § 794a(a)(1).  Liberally construed, the Complaint's disability claims are asserted

pursuant to the Rehabilitation Act.

### A.   Failure to Exhaust Administrative Remedies

The defendant asserts that the plaintiff did not exhaust his administrative remedies as to all

of his claims and, consequently, this Court does not have subject matter jurisdiction over the

unexhausted claims.  Exhaustion of administrative remedies is a jurisdictional prerequisite to

bringing an action in federal court under Title VII.  Woodman v. Runyan, 132 F.3d 1330, 1341

(10th Cir. 1997).  The Rehabilitation Act encompasses Title VII's exhaustion requirement.  Id.

Pursuant to statutory authority, the Equal Employment Opportunity Commission

("EEOC") issued rules and regulations implementing the provisions of Title VII.  42 U.S.C. §

2000e-16(b).  The exhaustion requirements for claims of discrimination under the Rehabilitation

Act and Title VII are specified in 29 C.F.R. § 1614.101 *et seq.*  29 C.F.R. § 1614.103.[2]  The

---

[2]In Harms v. Internal Revenue Service, 321 F.3d 1001 (10th Cir. 2003), the circuit court
stated:

> The Civil Service Reform Act provides an alternative mechanism by
> which a federal employee may assert Title VII and Rehabilitation
> Act claims that arise out of adverse employment actions which are
> also appealable to the [Merit Systems Protection Board
> ("MSPB")].  Such cases are referred to as "mixed cases" because
> the alleged unlawful discrimination is either related to or stems from
> an employment action over which the MSPB has jurisdiction. 29
> C.F.R. § 1614.302(a); 5 C.F.R. § 1201.3.  Under the CSRA, a
> federal employee may file a mixed case complaint with the agency's
> EEO department or a mixed case appeal with the MSPB. 5 U.S.C.

5

regulations require that a federal employee pursue informal and formal resolution.  Id. at §§ 1614.105, 1614.106.

Prior to filing a complaint, the employee must first try to informally resolve the matter by consulting an EEO counselor within 45 days of the alleged discriminatory act.  Id. at § 1614.105(a).  If the matter is not resolved, the counselor must inform the employee of his right to file a discrimination complaint.  Id. at § 1614.105(d).  A complaint must be filed within 15 days of this notice.  Id. at § 1614.106(b).  A complaint must contain a signed statement by the aggrieved which is "sufficiently precise" to "describe generally" the discriminatory action.  Id. at § 1614.106(c).  The employee has the right to appeal the final action on, or the dismissal of, the complaint.  Id. at § 1614.106(e)(1).

The employee may file a civil action under the following circumstances:

A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the Commission's final decision on an appeal; or

§ 7702(a); 29 C.F.R. § 1614.302; 5 C.F.R. §§ 1201.151-1201.157. A mixed case complaint and mixed case appeal, however, cannot be pursued simultaneously. 29 C.F.R. § 1614.302(b).

Id. at 1005.  The plaintiff does not provide any argument or evidence to establish that he pursued this alternative method of exhaustion.

> (d) After 180 days from the date of filing an appeal with the
> Commission if there has been no final decision by the Commission.

Id. at § 1614.407.

The defendants' evidence establishes that (1) the plaintiff contacted an EEO counselor on January 16, 2002, regarding his allegations of discriminatory behavior in the meeting on January 3, 2002; (2) the plaintiff filed an EEO complaint with the Postal Service alleging discriminatory behavior at that meeting; (3) the complaint was dismissed for failure to state a claim; (4) the plaintiff appealed the dismissal to the EEOC; and (5) the agency's dismissal of the complaint was upheld. Therefore, the plaintiff exhausted his administrative remedies only as to Claim One--the alleged discriminatory behavior in the meeting on January 3, 2002. The plaintiff does not provide any evidence establishing that he exhausted his administrative remedies as to the discriminatory acts alleged in Claims Two through Four. Therefore, the Court is without subject matter jurisdiction over Claims Two through Four.

The plaintiff argues that he exhausted his constructive discharge claim, as well as his claim that "defendant gave false statements to the U.S. Dept. of Labor," because he made mentioned the constructive discharge in his appeal to the EEOC and he mentioned the false statements in a letter to the EEOC.[3] *Response*, p. 4 (emphasis omitted).

A reference to additional discriminatory actions in an appeal or in a letter does not constitute exhaustion of the additional claims. The regulations require that the initial complaint contain a statement which is sufficiently precise to describe the discriminatory actions. 29 C.F.R.

---

[3]I note that the EEOC did not acknowledge the plaintiff's additional allegations; it addressed only the allegations of the formal complaint filed on March 21, 2002. *Motion*, Exhibit 4 to Exhibit A-1.

§ 1614.106(c). "Each discrete incident of [discriminatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." Martinez v. Potter, 347 f.3d 1208, 1210 (10th Cir. 2003).[4]

Requiring a Title VII plaintiff to exhaust administrative remedies for each individual discriminatory act "is consistent with the policy goals of the statute":

> First, requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation.

Id. at 1211.

The plaintiff did not present Claims Two, Three, or Four to the Postal Service through the available administrative remedy. As a result, he has failed to exhaust his administrative remedies as to these claims. Consequently, Claims Two, Three, and Four are barred for lack of subject matter jurisdiction.

## B. Gender Discrimination Claim

Claim One (the only remaining claim) alleges discrimination solely in the setting of the meeting on January 3, 2002. Claim One states in its entirety:

> 1. On or about January 3, 2002, approximately 1:30 p.m. the Defendant United States Postal Service, John E. Potter United States Postmaster General and/or representative Mona T. Tebeau Manager Business Mail Entry Unit General Mail Facility 7500 E. 53rd Place Denver Colorado Administrative Building Defendant did inflict mental harm, verbally assault, intimidate, demean, threaten, harass and discriminate against employee Thomas S. Mayes,

---

[4]The plaintiff could have amended his initial complaint to include the additional allegations of discrimination, id. at § 1614.106(d), but he does not provide any argument or evidence that he did so.

inflicting debilitating emotional anxiety and severe depression. During the verbal assault the defendant made reference to the plaintiff's religious activities outside of work and his inability to get a regular position with the Postal Service due to his disability.

2.   Plaintiff is a Minister and Overseer for the Full Gospel Baptist Church Fellowship International for which he traveled extensively. Mr. Mayes was permanently injured on the job with the United States Postal Service and working is a supervisory position suitable for his injuries when the incident occurred.

3.   The Defendant John E. Potter Postmaster General and/or representative Mona T. Tebeau Manager Business Mail Entry Unit General mail Facility 7500 E. 53rd Place Denver Colorado Administration Building occupied the position of authority and supervisory of Plaintiff Thomas S. Mayes.

*Complaint*, third consecutive page.

A plaintiff may prove discrimination through direct or circumstantial evidence.  Amro v. The Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000).  In the absence of direct evidence of discrimination, as here, a plaintiff must establish his case under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Id.

McDonnell Douglas requires that the plaintiff first establish a *prima facie* case of discrimination.  McDonnell Douglas, 411 U.S. at 802.  The plaintiff has the initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); James v. Sears, Roebuck and Co., Inc., 21 F.3d 989, 992 (10th Cir. 1994).  To withstand a motion for summary judgment, the plaintiff must offer competent evidence to establish a *prima facie* case; he cannot rely on the allegations in his complaint.  Amro, 232 F.3d at 798.

If the plaintiff meets his burden of proving a *prima facie* case of discrimination, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for its conduct.  St. Mary's Honor Center, 509 U.S. at 506-07; James, 21 F.3d at 992.  If the employer meets its burden, the plaintiff must then prove by a preponderance of the evidence that the employer's reasons for its conduct are pretext for intentional discrimination.  St. Mary's Honor Center, 509 U.S. at 515-16; McDonnell Douglas, 411 U.S. at 802; Cone v. Longmont United Hosp. Assoc., 14 F.3d 526, 529 (10th Cir. 1994).

The defendant asserts that Claim One does not allege, and the plaintiff cannot offer any admissible evidence, that the plaintiff suffered an adverse employment action as a result of the meeting on January 3, 2002.[5]  *Motion*, pp. 9-11.  The defendant does not cite to any cases which address the requirement of an "adverse employment action" in the context of a claim for disability discrimination under the Rehabilitation Act. [6]  Therefore, I address the argument only as it applies to the plaintiff's Title VII gender discrimination claim.

---

[5]"The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

[6]I note that one of the cases cited by the defendant is McCrary v. Aurora Pub. Schools, 2003 WL 191433 (10th Cir. Jan. 29, 2003).  *Motion, p. 10.*  McCrary states that a *prima facie* case of retaliation under the Americans with Disabilities Act ("ADA") requires a showing of an adverse employment action.  Id. at *8.  However, Claim One alleges disability discrimination; it does not allege retaliation.

In order to establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must establish that (1) he is a handicapped person within the meaning of the Act; (2) he is otherwise qualified for the job; and (3) he was discriminated against because of the handicap.  Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997).

10

To establish a *prima facie* case of gender discrimination under Title VII, the plaintiff must prove that (1) he is a member of the protected class; (2) he was adversely affected by the alleged verbal assault on January 3, 2002; (3) he was qualified for the position at issue; and (3) he was treated less favorably than his female counterparts.  Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1380 (10th Cir. 1994).  In this regard:

> The Tenth Circuit liberally defines the phrase "adverse employment action."  See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1264 (10th Cir.1998); Jeffries v. Kansas, 147 F.3d 1220, 1232 (10th Cir.1998).  Such actions are not simply limited to monetary losses in the form of wages or benefits.  See Berry v. Stevinson Chevrolet, 74 F.3d 980, 986- 87 (10th Cir.1996). Instead, we take "a case-by-case approach," examining the unique factors relevant to the situation at hand.  Jeffries, 147 F.3d at 1232. Nevertheless, we will not consider "a mere inconvenience or an alteration of job responsibilities" to be an adverse employment action.  Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993); see also Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, ----, 118 S.Ct. 2257, 2268, 141 L.Ed.2d 633 (1998) (conduct is adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); Spring v. Sheboygan Area Sch. Dist., 865 F.2d 883, 886 (7th Cir.1989) (principal's change in assignment was not an adverse employment action despite her increased commute and belief that the public perceived the transfer "as a 'nudge towards retirement' ").

Sanchez v. Denver Public Schools, 164 F.3d 527, 532 (10th Cir. 1998).

Claim One alleges discrimination based solely on the verbal abuse suffered by the plaintiff at the meeting on January 3, 2002.  The verbal abuse, without more, is not an adverse employment action because it did not result in any change in the plaintiff's employment status.

The plaintiff does not provide any evidence to create a material fact dispute regarding whether he suffered an adverse employment action.  He argues that he was subjected to an

adverse employment action because he had to receive psychiatric treatment for five months after the verbal assault and because he was "returned to the same supervisor, and no corrective action was taken against defendant or actions to provided a workplace free of harassment and discrimination." *Response*, p. 6, ¶ 4. To the extent the plaintiff argues that the verbal assault resulted in five months of therapy, the evidence establishes that the plaintiff took a voluntary leave from the Postal Service from January 5, 2002, through May 31, 2002. There is no evidence of an adverse employment action.

To the extent the plaintiff complains that he was "returned to the same supervisor, and no corrective action was taken against defendant or actions to provide a workplace free of harassment and discrimination," he is attempting to assert the allegations of his other claims, which have not been exhausted. Claim One is the only claim over which this Court has subject matter jurisdiction. Claim One addresses only the verbal assault.[7]

The plaintiff has failed to establish a *prima facie* case of gender discrimination under Title VII. Accordingly, summary judgment is granted in favor of the defendant on Claim One's allegations of gender discrimination under Title VII.

### C.  Disability Discrimination Claim

I have liberally construed the Complaint, as I must, to state a claim for disability discrimination under the Rehabilitation Act. The defendant may not have anticipated my construction, however, and the parties have not had an opportunity to address the propriety of

---

[7]I note, however, that upon the plaintiff's return to work, he resumed his title of mail handler and he was assigned to a different shift. Thus, the only evidence of a change in employment status is the change in the plaintiff's hours. A change in shift is not an adverse employment action. Allen v. U.S. Postmaster General, 158 Fed.Appx. 240, 244 (11th Cir. 2005); Thomas v. Potter, 145 Fed.Appx. 182, 183-84 (7th Cir. 2005).

that claim.  Therefore, the defendant may file additional briefing on the allegation of Claim One concerning disability discrimination, if he chooses, on or before March 24, 2006.  If the defendant submits additional briefing, the plaintiff will be directed by separate order to file a response.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as follows:

(1)   GRANTED with respect to Claim One insofar as it seeks summary judgment in favor of the defendants concerning gender discrimination under Title VII;

(2)   DENIED WITHOUT PREJUDICE with respect to Claim One insofar as it seeks summary judgment in favor of the defendants concerning disability discrimination; and

(3)   GRANTED insofar as it seeks dismissal without prejudice of Claims Two through Four for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Claim Five is construed solely as a prayer for relief and not as a separate claim.

IT IS FURTHER ORDERED that the defendant may file additional briefing on Claim One's allegations of disability discrimination under the Rehabilitation Act on or before **March 24, 2006**.

Dated March 2, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

13