IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00386-BNB-PAC

THOMAS S. MAYES,

Plaintiff,

v.

JOHN E. POTTER, U.S. POSTAL SERVICE,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion for Summary Judgment**, filed March 21, 2005. For the following reasons, the Motion is DENIED.

## I. STANDARD OF REVIEW

The plaintiff is appearing *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, to designate specific facts showing that there is a genuine issue for trial. Id. at 324.

## II. BACKGROUND

The plaintiff filed his Amended Complaint (the "Complaint") on September 17, 2003. At all times relevant to the allegations of the Complaint, the plaintiff was an employee of the United States Postal Service at the General Mail Facility in Denver, Colorado. The Complaint alleges that the Postal Service subjected the plaintiff to gender and disability discrimination.

The Complaint asserts five claims. Claim One alleges that the plaintiff suffered discrimination when his supervisor, Mona Tebeau, verbally assaulted him at a meeting on January 3, 2002. Claim Two alleges that the defendant continued its harassment of the plaintiff "via the United States First Class mail with threatening correspondence while plaintiff was in treatment." Claim Three alleges that the defendant continued its harassment of the defendant when it gave false statements to the United States Department of Labor and when it returned the plaintiff on June 3, 2002, to the same location and supervisor. Claim Four alleges that the plaintiff was forced to resign from his job "to maintain mental stability when no action was taken and the

2

harassment continued." Claim Five is a prayer for relief wherein the plaintiff seeks compensatory damages.[1]

On May 26, 2004, the defendant submitted his first motion for summary judgment ("Defendant's First Summary Judgment Motion"). The plaintiff filed a response to Defendant's First Summary Judgment Motion on June 17, 2004. On February 7, 2005, I denied without prejudice Defendant's First Summary Judgment Motion because the parties' exhibits were not authenticated. On February 17, 2005, the plaintiff submitted affidavits in an attempt to authenticate his exhibits. On February 18, 2005, I struck the affidavits because Defendant's First Summary Judgment Motion was no longer at issue. I informed the plaintiff that, in the event the defendant refiled a dispositive motion, the plaintiff "must file a renewed response that is specifically directed to that motion. The plaintiff may not incorporate by reference his previous response."

The defendant submitted a second summary judgment motion ("Defendant's Second Summary Judgment Motion") on March 21, 2005. The plaintiff filed a response to Defendant's Second Summary Judgment Motion.

By separate order, I have granted in part and denied in part Defendant's Second Summary Judgment Motion. I construed Claim Five solely as a prayer for relief. I determined that this Court does not have subject matter jurisdiction over Claims Two through Four because the plaintiff failed to exhaust his administrative remedies as to these claims. I further determined that

---

[1]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

the defendant is entitled to summary judgment on Claim One insofar as it claims gender discrimination under Title VII because the plaintiff failed to establish that he suffered an adverse employment action. I ordered further briefing in connection with the allegations of disability discrimination under the Rehabilitation Act.

The plaintiff filed his motion for summary judgment ("Plaintiff's Summary Judgment Motion") on March 21, 2005. The plaintiff seeks summary judgment on all of his claims.

### III. ANALYSIS

As a preliminary matter, I note that Plaintiff's Summary Judgment Motion relies on exhibits that are attached to his response to Defendant's First Summary Judgment Motion. The plaintiff has resubmitted his affidavits in an attempt to authenticate the exhibits. *Plaintiff's Motion to Submitt* [sic] *Affidavits of Evidence* filed March 21, 2005. The plaintiff has ignored my February 18, 2005, order in which I informed the plaintiff that he could no longer rely on his response to Defendant's First Summary Judgment Motion.

Nevertheless, I have reviewed the evidence cited by the plaintiff in his Motion. The plaintiff does not cite to any evidence which establishes that he exhausted his administrative remedies as to Claims Two through Four. Consequently, Plaintiff's Summary Judgment Motion is denied to the extent its seeks summary judgment on Claims Two through Four.

Claim One (the only remaining claim) alleges gender and disability discrimination solely in the setting of the meeting on January 3, 2002. Claim One states in its entirety:

> 1. On or about January 3, 2002, approximately 1:30 p.m. the Defendant United States Postal Service, John E. Potter United States Postmaster General and/or representative Mona T. Tebeau Manager Business Mail Entry Unit General Mail Facility 7500 E. 53rd Place Denver Colorado Administrative Building Defendant did

> inflict mental harm, verbally assault, intimidate, demean, threaten, harass and discriminate against employee Thomas S. Mayes, inflicting debilitating emotional anxiety and severe depression. During the verbal assault the defendant made reference to the plaintiff's religious activities outside of work and his inability to get a regular position with the Postal Service due to his disability.
>
> 2. Plaintiff is a Minister and Overseer for the Full Gospel Baptist Church Fellowship International for which he traveled extensively. Mr. Mayes was permanently injured on the job with the United States Postal Service and working is a supervisory position suitable for his injuries when the incident occurred.
>
> 3. The Defendant John E. Potter Postmaster General and/or representative Mona T. Tebeau Manager Business Mail Entry Unit General mail Facility 7500 E. 53rd Place Denver Colorado Administration Building occupied the position of authority and supervisory of Plaintiff Thomas S. Mayes.

*Complaint*, third consecutive page.

Although the plaintiff brings this action under Title VII, section 501 of the Rehabilitation Act provides a federal employee's exclusive remedy for employment discrimination based on a disability. Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996). See also Johnson v. United States Postal Serv., 861 F.2d 1475, 1477 (10th Cir.1988); Coleman v. Darden, 595 F.2d 533, 538 (10th Cir.1979). The Rehabilitation Act extends the "remedies, procedures and rights" available under Title VII, 42 U.S.C. § 2000e-16, to federal employees with disability discrimination claims. 29 U.S.C. § 794a(a)(1). Liberally construed, Claim One asserts gender discrimination pursuant to Title VII and disability discrimination pursuant to the Rehabilitation Act.

A plaintiff may prove discrimination through direct or circumstantial evidence. Amro v. The Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000). In the absence of direct evidence of

discrimination, as here, a plaintiff must establish his case under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id.

McDonnell Douglas requires that the plaintiff first establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. The plaintiff has the initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); James v. Sears, Roebuck and Co., Inc., 21 F.3d 989, 992 (10th Cir. 1994). To withstand a motion for summary judgment, the plaintiff must offer competent evidence to establish a *prima facie* case; he cannot rely on the allegations in his complaint. Amro, 232 F.3d at 798.

If the plaintiff meets his burden of proving a *prima facie* case of discrimination, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for its conduct. St. Mary's Honor Center, 509 U.S. at 506-07; James, 21 F.3d at 992. If the employer meets its burden, the plaintiff must then prove by a preponderance of the evidence that the employer's reasons for its conduct are pretext for intentional discrimination. St. Mary's Honor Center, 509 U.S. at 515-16; McDonnell Douglas, 411 U.S. at 802; Cone v. Longmont United Hosp. Assoc., 14 F.3d 526, 529 (10th Cir. 1994).

To establish a *prima facie* case of gender discrimination under Title VII, the plaintiff must prove that (1) he is a member of the protected class; (2) he was adversely affected by the alleged verbal assault on January 3, 2002; (3) he was qualified for the position at issue; and (3) he was treated less favorably than his female counterparts. Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1380 (10th Cir. 1994).

To establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must establish that (1) he is a handicapped person within the meaning of the Act; (2) he is otherwise qualified for the job; and (3) he was discriminated against because of the handicap. Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997).

The plaintiff does not address, nor does he provide evidence to establish, a *prima facie* case of gender discrimination or disability discrimination. To the contrary, the Motion consists primarily of conclusory statements that the defendant discriminated against the plaintiff. The plaintiff has utterly failed to show that he is entitled to judgment as a matter of law.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

Dated March 2, 2006.

                                                         BY THE COURT:

                                                        s/ Boyd N. Boland
                                                        United States Magistrate Judge