IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00386-BNB-PAC

THOMAS S. MAYES,

Plaintiff,

v.

JOHN E. POTTER, U.S. POSTAL SERVICE,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion to Reconsider the Court's March 2, 2006, Order Denying in Part and Granting in Part Defendants** [sic] **March 21, 2005 Motion for Summary Judgment** [Doc. #64, filed 4/17/06] (the "Motion"). The Motion is DENIED.

The plaintiff filed his Amended Complaint (the "Complaint") on September 17, 2003. At all times relevant to the allegations of the Complaint, the plaintiff was an employee of the United States Postal Service at the General Mail Facility in Denver, Colorado.

The Complaint alleges that the plaintiff was subjected to gender and disability discrimination. The Complaint asserts five claims. Claim One alleges that the plaintiff suffered discrimination when his supervisor, Ms. Tebeau, verbally assaulted him at the meeting on January 3, 2002. Claim Two alleges that "the defendant" continued its harassment of the plaintiff "via the United States First Class mail with threatening correspondence while plaintiff was in treatment." Claim Three alleges that the defendant continued its harassment of the plaintiff when it gave false statements to the United States Department of Labor and when the plaintiff was assigned to the

same location and supervisor upon his return to work on June 3, 2002. Claim Four alleges that the plaintiff was forced to resign from his job "to maintain mental stability when no action was taken and the harassment continued." Claim Five seeks compensatory damages for all of the defendant's "actions and non-actions."

The defendant filed a motion for summary judgment on March 21, 2005. On March 2, 2006, I issued an order on the summary judgment motion. I construed Claim Five solely as a prayer for relief and not as a separate claim. I found that Claims Two, Three, and Four were barred for lack of subject matter jurisdiction because the plaintiff did not exhaust his administrative remedies as to these claims. I found that the plaintiff had exhausted his administrative remedies as to Claim One, and I granted summary judgment in favor of the defendant on Claim One insofar as the claim alleges gender discrimination under Title VII. I denied without prejudice Claim One's allegations concerning disability discrimination and ordered the parties to file additional briefing on the matter.

The plaintiff seeks reconsideration of my order of March 2, 2006, because (1) Claims Two through Four should be considered exhausted because they allege conduct that is "reasonably related" to the conduct alleged in Claim One; and (2) the Postal Service failed to inform him of his rights to file an appeal to the Merit Systems Protection Board ("MSPB").

I construe plaintiff's request for reconsideration as a motion under Fed.R.Civ.P. 60(b). See Quigly v. Rosenthal, 43 F.Supp.2d 1163, 1172 (D. Colo. 1999). I have substantial discretion in ruling on a Rule 60(b) motion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990). Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were

2

available for presentation at the time of the original argument." See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).

Here, the bases for plaintiff's Motion could have been presented at the time he filed his response to the defendant's summary judgment motion. The defendant's summary judgment motion specifically argued that plaintiff did not exhaust his administrative remedies, and that under Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003), "[a]n aggrieved employee must exhaust his administrative remedies with respect to each discreet incident of discrimination or retaliation . . . ." *Defendant's Motion for Summary Judgment and Brief in Support Thereof*, p. 8. In his response to the defendant's motion, the plaintiff did not present any argument or evidence to show that the conduct alleged in Claims Two through Four were "reasonably related" to the conduct alleged in Claim One. Nor did he assert that he was not informed of his rights to file an appeal. The plaintiff may not present these arguments now.

IT IS ORDERED that the plaintiff's Motion is DENIED.

Dated September 6, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge