IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00386-BNB-PAC

THOMAS S. MAYES,

Plaintiff,

v.

JOHN E. POTTER, U.S. POSTAL SERVICE,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion for Leave to Amend Title VII Complaint** [Doc. #74, filed 10/20/06] (the "Motion to Amend"). The plaintiff seeks to modify the Scheduling Order [Doc. #26, filed 10/20/03] to extend the deadline for amendment of pleadings.

Pursuant to Fed. R. Civ. P. 16(b), a scheduling order may be modified upon a showing of good cause. The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of good cause as used in Rule 16:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. The good cause standard has been further defined in Dilmar Oil Co. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

The Federal Rules of Civil Procedure provide that leave to amend shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff filed his initial Complaint on March 5, 2003. On September 17, 2003, he filed a motion to amend his Complaint [Doc. #11], which was granted on September 26, 2003 [Doc. #18].

The Amended Complaint asserts five claims. Claim One alleges that the plaintiff suffered discrimination when his supervisor, Mona Tebeau, verbally assaulted him at a meeting on January 3, 2002. Claim Two alleges that the defendant continued its harassment of the plaintiff "via the United States First Class mail with threatening correspondence while plaintiff was in treatment." Claim Three alleges that the defendant continued its harassment of the defendant when it gave false statements to the United States Department of Labor and when it returned the plaintiff on June 3, 2002, to the same location and supervisor. Claim Four alleges that the plaintiff was

2

forced to resign from his job "to maintain mental stability when no action was taken and the harassment continued." Claim Five is a prayer for relief wherein the plaintiff seeks compensatory damages.

The defendant filed a motion for summary judgment on May 26, 2004 [Doc. #33]. The motion was denied without prejudice on February 7, 2005, based on the parties' failure to submit competent evidence with their briefs [Doc. #41]. The matter was rebriefed in 2005 [Docs. #49, #53, and #56].

I entered an Order on March 3, 2006, granting summary judgment in part and denying it in part [Doc. #59]. I determined that the Court does not have subject matter jurisdiction over Claims Two through Four because the plaintiff failed to exhaust his administrative remedies as to those claims. I further determined that the defendant is entitled to summary judgment on Claim One insofar as it claims gender discrimination under Title VII because the plaintiff failed to establish that he suffered an adverse employment action. I ordered further briefing in connection with the allegations of disability discrimination under the Rehabilitation Act contained in Claim One.

On March 3, 2006, the plaintiff sought reconsideration of my order, arguing that Claims Two through Four should be considered exhausted because they allege conduct that is "reasonably related" to the conduct alleged in Claim One. *Plaintiff's Motion to Reconsider the Court's March 2, 2006, Order Denying in Part and Granting in Part Defendants [sic] March 21, 2005 Motion for Summary Judgment* [Doc. #64]. I denied the motion, stating that

> the bases for plaintiff's Motion could have been presented at the time he filed his response to the defendant's summary judgment motion. The defendant's summary judgment motion specifically

> argued that plaintiff did not exhaust his administrative remedies, and that under Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003), "[a]n aggrieved employee must exhaust his administrative remedies with respect to each discreet incident of discrimination or retaliation . . . ." *Defendant's Motion for Summary Judgment and Brief in Support Thereof*, p. 8. In his response to the defendant's motion, the plaintiff did not present any argument or evidence to show that the conduct alleged in Claims Two through Four were "reasonably related" to the conduct alleged in Claim One.

*Order issued September 7, 2006*, p. 3 [Doc. #70].

On March 21, 2006, the defendant filed a motion for summary judgment on the disability discrimination claim [Doc. #62]. In addition, the defendant argued that the plaintiff could not maintain a claim for hostile work environment. *Defendant's Motion for Summary Judgment on Disability Discrimination Claim and Brief in Support Thereof*, pp. 8-9. On September 7, 2006, I denied the motion and noted that the remaining claim did not contain allegations of a hostile work environment. I further noted that the plaintiff had not provided any argument or evidence to support a claim for hostile work environment.

The plaintiff now seeks to amend his Amended Complaint to "include" a claim for hostile work environment. The plaintiff does not make any attempt to establish that he could not meet the December 1, 2003, deadline to amend his pleading despite his exercise of reasonable diligence.

In addition, the proposed second amended complaint attempts to reassert all of the claims that were previously dismissed. To the extent the allegations in these claims may support a hostile environment claim, I have already determined that the plaintiff did not exhaust his administrative remedies as to these claims.

The plaintiff attempts to amend his remaining claim (Claim One) by adding allegations that Ms. Tabeau's actions at the meeting on January 3, 2002, created a hostile work environment. *Motion to Amend*, p. 3, ¶ 1.

In order to succeed on a claim for hostile work environment, a plaintiff must prove "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Anthony v. City of Clinton, 1999 WL 390927, at *3 (10th Cir. June 15, 1999) (discussing elements of an ADA disability harassment claim) (quoting Penry v. Federal Home Loan Bank, 155 F.3d 1257, 1261 (10th Cir.1998) (discussing elements of a Title VII sexual harassment claim based on a hostile work environment theory)).[1] The only factual allegation of discriminatory behavior in Claim One is that Ms. Tabeau "made reference to the plaintiff's . . . inability to get a regular position with the Postal Service due to his disability." *Motion to Amend*, p. 3, ¶ 1. This allegation falls far short of the severe and pervasive discriminatory behavior that is essential to a hostile environment claim. Thus, the plaintiff's proposed amendment to Claim One would be futile.

Finally, the plaintiff's proposed amendment comes too late. The plaintiff filed his initial Complaint on March 5, 2003. The case is almost four years old and has suffered three rounds of dispositive motions. The plaintiff waited until the day of the Final Pretrial Conference to submit

---

[1] The Tenth Circuit has held that hostile work environment claims are actionable under the ADA. Lanman v. Johnson County, Kansas, 393 F.3d 1151, 1155 (10th Cir. 2004). Because the Rehabilitation Act incorporates the standards from the Americans with Disabilities Act of 1990, see 29 U.S.C. § 791(g), decisions under both Acts apply interchangeably to the court's analysis. See Woodman v. Runyon, 132 F.3d 1330, 1339 n. 8 (10th Cir. 1997).

his motion to amend. Allowing the plaintiff to amend his Amended Complaint at this late date would unduly delay the trial of this case.

IT IS ORDERED that the Motion to Amend is DENIED.

Dated October 26, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge